**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Salgado, | No. CV-24-00523-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Synergy Payment Solutions Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for leave to serve Defendants Synergy Payment Solutions Inc. ("Synergy"), Sean Mecham, and Jane Doe Mecham (now known to be Leah Mecham) (together, "the Mechams") via alternative means and for an extension of the service deadline. (Doc. 14.) The motion is granted, with the caveat that the service deadline will be extended 14 days, rather than the requested 60 days.

**BACKGROUND**

The facts related to service of Synergy and the Mechams are set forth as follows:

On March 12, 2024, Plaintiff filed the complaint. (Doc. 1.)

On March 22, 2024, the Court set a June 11, 2024 deadline for service of all defendants. (Doc. 5.)[1]

On April 5, 2024, at 9:43 a.m., process server Mark Hepp ("Hepp") attempted service on Synergy and the Mechams at 3550 N. Central Ave., #1250, Phoenix, AZ 85012, which is the business address for Synergy. Hepp was able to serve another defendant, Luis

---

[1] All defendants aside from Synergy and the Mechams have been served. (Docs. 6-10, 13.)

Romero, who was seated at the front desk, but although Hepp waited approximately 20 minutes, he did not encounter Sean Mecham. (Doc. 14-1 at 2-3.)

On May 19, 2024, at 4:30 p.m., Hepp attempted service at 859 W. Rhonda View Rd., San Tan Valley, AZ 85143, which is the Mechams' home address. *Id.* at 3. During that attempt, Hepp saw three vehicles parked in the driveway, including Sean Mecham's black pickup truck. *Id.* No one came to the door when Hepp knocked, but Hepp heard barking dogs who eventually retreated in a manner that, in Hepp's "professional experience," indicated that the dogs had been "escorted away." *Id.* Hepp then spoke with a neighbor who confirmed that this was the Mechams' address. *Id.*

On May 23, 2024, at 8:34 a.m., Hepp again attempted service at the Mechams' home. *Id.* Two vehicles—a gray truck and a blue Mustang—were parked in the driveway. *Id.* A couple left the home and told Hepp that they were visitors and that Sean Mecham was not home, but they did not indicate whether Leah Mecham was home. *Id.* Hepp noted that they did not lock the door when they left, although they stated they were "heading back up the hill" and left together in the gray truck. *Id.* Hepp heard the dogs barking again, but no one answered the door. *Id.*

On May 25, 2024, at 10:43 a.m., Hepp again attempted service at the Mechams' home. *Id.* at 4. The blue Mustang was again parked in the driveway, but once again, Hepp heard the dogs barking, but no one answered the door. *Id.*

On May 25, 2024, at 5:01 p.m., "Plaintiff's counsel received an anonymous letter purporting to be from Synergy Payment Solutions Inc. . . . which was not signed by any individual" but "attempted to explain [Synergy and the Mechams'] side of the story . . . and made a settlement offer." (Doc. 14 at 3.) The letter contained "an address, 24 W. Camelback Rd., Ste. A401, Phoenix, AZ 85013, and an email address, info@synergypaymentsolutions.com." (*Id.* at 3-4.)

On June 6, 2024, Plaintiff filed the pending motion for leave to serve by alternative means and for an extension of the service deadline. (Doc. 14.)

…

**DISCUSSION**

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Rule 4.1(d) of the Arizona Rules of Civil Procedure, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules.

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides that a corporation in a judicial district of the United States must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant" or "in the manner prescribed by Rule 4(e)(1) for serving an individual," which, as noted above, permits service under state law. Rule 4.1(i) of the Arizona Rules of Civil Procedure governs corporations and mirrors the federal rule.

Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving

1  party must make a reasonable effort to provide the person being served with actual notice
2  of the action's commencement" and must, at a minimum, "mail the summons, the pleading
3  being served, and any court order authorizing an alternative means of service to the last-
4  known business or residential address of the person being served."

5        Arizona's Rule 4.1(k) requires a showing of impracticability.  Impracticability in
6  this context requires "something less than a complete inability to serve the defendant" and
7  even "something less than the 'due diligence' showing required before service by
8  publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App.
9  2010).  In the context of Rule 4.1(k), "impracticable" simply means that the traditional
10 means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

11       The Court finds that the traditional means of service have proved to be
12 impracticable.  Plaintiff's proposed alternative means of service—mailing the court papers
13 required under Ariz. R. Civ. P. 4.1(k) to the Mechams' home address and sending them to
14 the mailing address and email address listed in the anonymous letter—constitute "a
15 reasonable effort to provide the person being served with actual notice of the action's
16 commencement."  Ariz. R. Civ. P. 4.1(k)(2).  However, the Court will also order that the
17 papers be sent to 3550 N. Central Ave., #1250, Phoenix, AZ 85012, which appears to be
18 the "last-known" business address for Synergy.  *Id.*

19       As a final matter, Plaintiff has requested a 60-day extension of the service deadline.
20 The alternative means of service authorized by this order will not take 60 days to
21 accomplish.  Indeed, the mailing and emailing will take very little time and could likely be
22 done immediately upon receipt of this order.  The Court will grant a 14-day extension of
23 the service deadline.

24       Accordingly,

25       **IT IS ORDERED** that Plaintiff's motion (Doc. 14) is **granted**.

26       **IT IS  FURTHER ORDERED** that service on Synergy and the Mechams may be
27 accomplished by mailing a copy of the Complaint, the Summonses, and this Order to (1)
28 3550 N. Central Ave., #1250, Phoenix, AZ 85012, (2) 859 W. Rhonda View Rd., San Tan

1  Valley, AZ 85143, and (3) 24 W. Camelback Rd., Ste. A401, Phoenix, AZ 85013, and by
2  emailing the same to info@synergypaymentsolutions.com.
3      **IT IS FURTHER ORDERED** that the deadline for Plaintiff to serve is extended
4  to 14 days from the date of this order.
5      Dated this 11th day of June, 2024.

Dominic W. Lanza
United States District Judge