**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Salgado,<br><br>             Plaintiff,<br><br>v.<br><br>Synergy Payment Solutions Incorporated, et al.,<br><br>             Defendants. | No. CV-24-00523-PHX-DWL<br><br>**ORDER** |

Plaintiff has filed a motion for default judgment. (Doc. 20.) For the following reasons, the motion is granted in part and denied in part.

I.  Background

On March 12, 2024, Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 1 ¶ 1.) Plaintiff alleges that on January 15, 2024, he began working for Defendant Synergy Payment Solutions, Inc. ("Synergy Payment Solutions") as a call center manager. (*Id.* ¶ 52.) Plaintiff was misclassified "as an independent contractor" and was "supposed to be compensated[] at a weekly rate of $1,000" without regard to the number of hours he worked. (*Id.* ¶¶ 54-56.) "During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 40 and 50 hours per workweek." (*Id.* ¶ 61.) Plaintiff was terminated on February 23, 2024 and "worked approximately 90 hours in total" during "his final two-workweek pay period." (*Id.* ¶¶ 63-64.) Although Plaintiff "was supposed to be paid approximately $2,000 for his final two-workweek pay period,"

he did not receive "any wages whatsoever" for this work. (*Id.* ¶¶ 65-66.)

In additional to suing Synergy Payment Solutions, Plaintiff also names an array of other entity and individual Defendants. As for the entity Defendants—Atrium Bancard Solutions Inc. ("Atrium"), Icon Payment Solutions Inc. ("Icon"), and Mainstream Payment Systems LLC ("Mainstream")—Plaintiff alleges that each qualifies as his "employer" for liability purposes because, *inter alia*, all of the entity defendants "operated as a 'single enterprise' within the meaning of . . . the FLSA." (*Id.* ¶¶ 12-23, 34-50.) As for the individual defendants—Sean Mecham and Jane Doe Mecham, a married couple; Jeanette Wolven and John Doe Wolven, a married couple; Luis Romero and Jane Doe Romero, a married couple; and Ashley Mecham and John Doe Mecham, a married couple—Plaintiff alleges that each qualifies as his "employer" for liability purposes because they owned Synergy Payment Solutions and acted directly or indirectly in the interest of Synergy Payment Solutions in relation to Plaintiff. (*Id.* ¶¶ 24-33.) Plaintiff also more specifically alleges one of the individual defendants, Luis Romero ("Romero"), was specifically responsible for his hiring and termination. (*Id.* ¶¶ 53, 63.)

On March 26, 2024, Plaintiff filed proof of service as to Jeanette Wolven, John Doe Wolven, Atrium, and Mainstream. (Docs. 6-9.)

On April 9, 2024, Plaintiff filed proof of service as to Romero. (Doc. 10.)

On May 4, 2024, Plaintiff filed an application for entry of default as to those five Defendants. (Doc. 11.) That application was granted. (Doc. 12.)

On June 6, 2024, Plaintiff filed proof of service as to Jane Doe Romero. (Doc. 13.)

That same day, Plaintiff filed a motion for permission to pursue alternative service as to Synergy Payment Solutions, Sean Mecham, and Jane Doe Mecham. (Doc. 14.) That motion was granted. (Doc. 15.)

On June 18, 2024, Plaintiff filed proof of service as to Synergy Payment Solutions, Sean Mecham, and Jane Doe Mecham. (Doc. 16.)

On June 26, 2024, the Clerk dismissed Icon, Ashley Mecham, and John Doe Mecham for failure to serve. (Doc. 17.)

On July 6, 2024, Plaintiff filed an application for entry of default as to Jane Doe Romero, Synergy Payment Solutions, Sean Mecham, and Jane Doe Mecham. (Doc. 18.) That application was granted. (Doc. 19.)

On September 20, 2024, Plaintiff filed the pending motion for default judgment. (Doc. 20.) Defendants have not responded.

## II. Default Judgment

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered when deciding whether default judgment is appropriate under Rule 55(b): (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish the damages sought in the complaint. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### A. **Possible Prejudice To Plaintiff**

The first *Eitel* factor weighs in favor of default judgment. Defendants have not participated in this action at all—they have not responded to the complaint or to the motion for default judgment, even though there is evidence that they are aware of this action. (Docs. 20-2, 20-3.) If Plaintiff's motion is not granted, Plaintiff will be without other recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

…

B. **Merits Of Claims And Sufficiency Of Complaint**

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standard. *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). As noted above, Plaintiff alleges that Defendants violated the FLSA, the AMWA, and the AWA. (Doc. 1.) Plaintiff alleges sufficient facts to establish Defendants' liability. The second and third factors favor default judgment.

C. **Amount At Stake**

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. The money at stake is relatively modest and authorized by statute. Thus, the fourth factor favors default judgment.

D. **Possible Dispute Concerning Material Facts**

Given the sufficiency of the complaint and Defendants' lack of participation, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177. Thus, the fifth factor favors default judgment.

E. **Excusable Neglect**

Defendants have not participated in any way, despite having been served and engaging in settlement negotiations with Plaintiff. There is no indication that any Defendant has failed to respond due to excusable neglect. Thus, the sixth factor favors default judgment.

F. **Policy Favoring Merits Resolution**

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. The Court therefore is not precluded from entering default judgment against Defendants.

G. **Conclusion**

Because six of the seven *Eitel* factors favor Plaintiff, default judgment is warranted.

H. **Damages**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must "prove all damages sought in the complaint." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "[A] default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). District courts within the Ninth Circuit have held that written affidavits or declarations are acceptable in lieu of a hearing. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100-01 (N.D. Cal. 2014) ("To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit."); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) ("[A] 'hearing' . . . need not include live testimony, but may instead rely on declarations submitted by the parties, so long as notice of the amount requested is provided to the defaulting party.").

Plaintiff has submitted a declaration in which he avows that he "worked for Defendants as a call center manager from on or about January 15, 2024, through on or about February 23, 2024"; that his "rate of pay, as assigned by Defendants, was $1,000 per week, regardless of the number of hours [he] worked"; that he "conservatively estimate[s] that [he] worked approximately 50 hours per week," such that his "regular rate of pay was approximately $20 per hour ($1,000 ÷ 50)"; and that "Defendants did not pay [him] any wages whatsoever for [his] final two workweeks of employment with them." (Doc. 20-1 ¶¶ 6-10.) These assertions are sufficient to establish Plaintiff's entitlement to damages.

Plaintiff seeks $4,305 in damages on his AMWA claim. (Doc. 20 at 10.) These damages are capable of mathematical calculation—100 (the number of unpaid hours Plaintiff worked during his final two work weeks) multiplied by $14.35 (Arizona's minimum wage in 2024) equals $1,435, and that sum must be trebled under A.R.S. § 23-

364(G), which brings the total to $4,305.  Plaintiff is awarded these damages, for which all Defendants are jointly and severally liable.

Turning to his FLSA claim, Plaintiff notes that his AMWA recovery "engulfs [his] federal minimum wage damages." (Doc 20 at 10.)  This is consistent with case law suggesting that damages cannot be recovered when they are "engulfed by larger statutory awards." *Ignacio Xalamihua, Plaintiff, v. GGC Legacy Janitorial Servs. LLC,* 2023 WL 8891393, *5 (D. Ariz. 2023); *see also Sao v. Pro-Tech Prod. Inc.*, 2019 WL 6909566, *8 (D. Ariz. 2019) (deferring award of FLSA damages pending resolution of AMWA and AWA claims because any larger award would need to "factor in the FLSA damages").

Finally, AWA provides that "[w]hen an employee is discharged from the service of an employer, he shall be paid wages due him within seven working days or the end of the next regular pay period, whichever is sooner." A.R.S. § 23-353(A).  If an employer "fails to pay any wages due any employee" in violation of the Act's provisions, "the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A).  Plaintiff notes that his unpaid wages total $2,000 (*i.e.*, two unpaid work weeks where the agreed-to rate was $1,000 per week) and contends that this sum "should be trebled to $6,000 under A.R.S. § 23-355." (Doc. 20 at 11.)

The treble damages provision of A.R.S. § 23-355 is discretionary. *Swanson v. Image Bank, Inc.*, 77 P.3d 439, 443 (Ariz. 2003) ("Under the plain language of the statute, the award of treble damages for the bad-faith withholding of wages is discretionary with the court."); *Crum v. Maricopa Cnty.*, 950 P.2d 171, 173 (Ariz. Ct. App. 1997); *see also Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590, *4 (D. Ariz. 2021) ("The Court possesses wide discretion in determining whether to award treble damages under § 23-355."). "The treble damage remedy is a punitive measure that is warranted when employers seek to delay payment without reasonable justification or to defraud employees of wages earned" and "is appropriate only when an employer withholds wages unreasonably and in bad faith." *Swanson v. Image Bank, Inc.*, 43 P.3d 174, 183 (Ariz. Ct. App. 2002), *aff'd in*

*part, vacated in part,* 77 P.3d 439 (cleaned up).

Because Plaintiff's declaration provides no indication why Defendants withheld his wages, it does not support the conclusion that the withholding was done "unreasonably and in bad faith." *Id.* The allegations in the complaint are also insufficient. It appears that Plaintiff was initially paid for his work at the agreed-to rate but then something happened in February 2024 that resulted in Plaintiff not being paid for his final two weeks of work. There is no indication in the complaint whether there was any dispute over Plaintiff's wages or the quality of Plaintiff's work, and some of the materials attached to Plaintiff's motion suggest there may have been such a dispute. (Doc. 20-2 at 2-3 [May 2024 letter from Synergy Payment Solutions, stating that Plaintiff "spent exorbitant amounts of time in an office with a closed door on personal calls, administering medications" and that Plaintiff "was doing more harm than good for our office environment"].) At any rate, given Plaintiff's failure to submit evidence (or even allege in a non-conclusory way) that the withholding of wages was done unreasonably and in bad faith, the Court declines to award treble damages.

Without trebling, Plaintiff's AWA damages are $2,000. That sum, like Plaintiff's damages under the FLSA, is engulfed by Plaintiff's larger AMWA award.

Therefore, the total damages awarded are $4,305, for which all Defendants (save Icon, Ashley Mecham, and John Doe Mecham, all of whom were dismissed for failure to serve, *see* Doc. 17) are jointly and severally liable.

…

…

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 20) is **granted** as to liability and **granted in part and denied** in part as to damages.  A separate judgment shall issue, after which the Clerk shall terminate this action.

**IT IS FURTHER ORDERED** that within 14 days after entry of judgment, Plaintiff may file a motion for attorneys' fees.

Dated this 15th day of October, 2024.

Dominic W. Lanza
United States District Judge