**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Salgado,<br><br>            Plaintiff,<br><br>v.<br><br>Synergy Payment Solutions Incorporated, et al.,<br><br>           Defendants. | No. CV-24-00523-PHX-DWL<br><br>**ORDER** |

The Court previously granted Plaintiff's motion for default judgment, concluding that Plaintiff should be awarded $4,305 in damages against Synergy Payment Solutions Inc., Atrium Bancard Solutions Inc., Mainstream Payment Systems LLC, Sean Mecham and Leah Mecham, Jeanette Wolven and John Doe Wolven, and Luis Romero and Holly Romero (collectively, "Defendants"), jointly and severally, pursuant to Plaintiff's claim against Defendants under the Arizona Minimum Wage Act ("AMWA"). (Doc. 21.) In the same order, the Court authorized Plaintiff to file a motion for attorneys' fees. (*Id.* at 8.)

Plaintiff has now done so. (Doc. 23.) Plaintiff seeks $18,556.50 in attorneys' fees for the work performed to date (*i.e.*, 41.7 hours of work at an hourly rate of $445) and $1,387.05 for out-of-pocket costs (*i.e.*, filing and service fees). (Doc. 23-4 [itemization].) Additionally, Plaintiff seeks $6,912.14 "in attorneys' fees and costs to be incurred in potential collection efforts." (Doc. 23 at 5.)

The Court is satisfied by Plaintiff's showing that the amount of hours expended[1]

---

[1] Plaintiff provides the following explanation for the amount of hours expended, which the Court accepts as reasonable: "Plaintiff's counsel acknowledge that the 41.7 hours

and counsel's hourly rate are reasonable, as is the request for $1,387.05 in out-of-pocket costs incurred to date.

The requested award of $6,912.14 for "attorneys' fees and costs to be incurred in potential collection efforts" presents a closer issue. In a previous case, the Court questioned whether "speculative costs not yet incurred could be permissible under the relevant statutes." *Miller v. Four Peaks Logistics LLC*, 2024 WL 126134, *4 (D. Ariz. 2024). Other judges in this District have raised the same concern about the speculative nature of such requests. *See, e.g., Ramos v. Probuilds LLC*, 2024 WL 1078078, *9 (D. Ariz. 2024) ("Plaintiff's counsel cites several cases from this District in which anticipated collection costs have been found to be reasonable, but Plaintiff does not show that such anticipated costs are reasonable in this matter. . . . Although Defendants have not responded in this matter, an award of collection costs is speculative. . . . Simply, recovery of attorneys' fees and costs incurred in pursuit of collection of the Court's judgment is not ripe.") (citations omitted); *Acosta v. Pindernation Holdings LLC*, 2023 WL 3184252, *3 (D. Ariz. 2023) ("Even if the court had authority to make such an award, Plaintiff proffers no support for the projection of such expenses . . . ."); *Stamper v. Freebird Logistics Inc.*, 2022 WL 4448457, *4 (D. Ariz. 2022) ("While Defendant has not responded to the present litigation, an award for collection efforts is too speculative. Other than stating Plaintiff 'will likely' have fees and costs associated with the collection efforts, Plaintiff did not explain any efforts he plans to take. . . . Although the Court finds that the speculative collection costs are unreasonable, this Order does not preclude Plaintiff from seeking collection costs and, for that matter, future attorneys' fees, should they be incurred.").

In an effort to address those concerns, Plaintiff provides the following explanation

---

they seek in this matter significantly exceeds the attorneys' fees they routinely seek on default judgments before this Court. Normally, Plaintiff's counsel's attorneys' fees range between about 15 and 20 total hours, and the lodestar they seek here more than doubles that figure. This is not without reasonable justification in this particular matter. Contrary to most of Plaintiff's counsel's default judgment situations, in this matter, Defendants consistently engaged Plaintiff's counsel, whether via counsel or directly, with regard to the merits of the case and settlement efforts. This led to Plaintiff's counsel having to expend significant time and effort on a case that would have otherwise been routine." (Doc. 23 at 7.)

- 2 -

for the collection-fee request:

> Since November 2019, Plaintiff's counsel has generally engaged the Parker Law Firm P.L.C. ("Parker Law") to assist them and their clients in efforts to collect on default judgments and judgments awarding attorneys' fees and costs. Per the agreement between Parker Law and Bendau Law, Parker Law charges a 25% contingency fee on all amounts recovered for Bendau Law. In addition, for each case for which Plaintiffs' counsel retains Parker Law, Parker Law requires Plaintiff's counsel to provide $850 costs retainer before undertaking any collection efforts. Here, Plaintiff has been awarded a Judgment in the amount of $4,305, and Plaintiff's counsel seeks an award of $19,943.55, for a total of $24,248.55. Assuming total judgments in the amount of $24,248.55, in engaging Parker Law, Plaintiff and Plaintiff's counsel will be required to pay $850 in a costs retainer, plus 25% of any recovery. Assuming Parker Law successfully recovers the full $24,248.55, Parker Law's share will be $6,062.14. Added to the $850 initial outlay, Plaintiff and Plaintiff's counsel face the potential to incur $6,912.14 in costs and fees in collecting on these judgments. Accordingly, Plaintiff and Plaintiff's counsel hereby request an additional $6,912.14 in anticipated fees and costs associated with collection.

(Doc. 23 at 16.)

This explanation, supported by documentation (Docs. 23-8, 23-9), is sufficient to alleviate any concern that the requested collection costs are speculative. *Alvarez v. Talaveras Renovations LLC*, 2024 WL 1195462 (D. Ariz. 2024) (reaching the same conclusion); *Tejeda v. Boston Market Corporation et al*, 2:23-cv-01497-JJT (D. Ariz. 2024) Doc. 22 ("Counsel's provision of the services agreement with his chosen collections law firm addresses the Court's concern that such an award would otherwise be speculative.").[2]

The remaining question is whether an award for post-judgment collection costs—even when it can be mathematically calculated and is not speculative—is statutorily authorized. The statute under which Plaintiff prevailed, AMWA, provides that a "prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G). Although the Court has questioned in past orders whether that statutory language is broad enough to encompass an award of costs and attorneys' fees incurred

---

[2] To be clear, the Court does not find that a prevailing plaintiff is always entitled to an award of anticipated collection fees and costs. The conclusion reached here is based on the facts of this case and the specific showing that Plaintiff made as to why collection will not occur absent the outlay of the modest fees and costs at issue.

during post-judgment collection efforts,³ upon reflection that skepticism appears to have been unwarranted. Courts have concluded that similar fee-shifting language in analogous federal statutes should be construed to encompass reasonable attorneys' fees and costs incurred during post-judgment collection efforts. *See, e.g., Sky Cable, LLC v. DIRECTV, Inc.*, 23 F.4th 313, 318-19 (4th Cir. 2022) ("We conclude that attorneys' fees and expenses incurred while pursuing postjudgment collection litigation . . . qualify for compensation under the mandatory fee-shifting provision of the [Federal Communications] Act. In other contexts, we have held that when a statute contains a fee-shifting provision, attorneys' fees for postjudgment enforcement action are appropriate. . . . Other circuit courts have concluded that attorneys' fees are appropriate for postjudgment collection and enforcement efforts under fee-shifting statutes that . . . are mandatory. We find this case law to be persuasive because it would make no more sense to deny attorneys' fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal. This is especially true when, as here, the statute does not make a distinction between prevailing attorneys' fees accrued in obtaining the initial judgment, and those expended after the trial in collecting that judgment and defending it on appeal. And it is compelling that other courts find fee-shifting provisions, like the one [here], to encourage citizen enforcement of important federal policies.") (cleaned up); *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 544-45 (10th Cir. 2000) (concluding that "attorney's fees can be awarded under the [False Claims Act] for post-judgment collection activities" and noting that "[c]ourts interpreting the Civil Rights Attorney's Fees Awards Act and the citizen suit attorney's fee provision of the Clean Air Act have consistently allowed attorney's fees for post-judgment enforcement and collection activities"); *Nelson v. PJ Cheese*, 2023 WL 4535860, *1-2 & n.1 (N.D. Ga. 2023) (concluding that "[u]nder the FLSA, a prevailing party is entitled to an award of attorney's fees for post-judgment collection efforts" and

---

³ *Miller*, 2024 WL 126134 at *4 ("[T]he statutory language indicates that a prevailing plaintiff is entitled to 'costs of suit,' A.R.S. § 23-364(G), and post-lawsuit efforts to collect on a judgment are not part of the suit itself."). *See also Ramos*, 2024 WL 1078078 at *9 ("Further, Plaintiff's counsel does not demonstrate that anticipated collection costs are recoverable under the fee shifting provisions of FLSA or the AMWA.").

noting that "[i]n cases involving other fee-shifting statutes, courts have concluded that fees incurred in post-judgment collection efforts are recoverable"); *Van Dyke v. BTS Container Serv., Inc.*, 2010 WL 56109, *1 (D. Or. 2010) (same). Finally, because the question presented in this case is how to construe an Arizona statute, it is notable that Arizona courts have seemed to voice agreement with the interpretive approach followed in those decisions. *Cf. Nunez v. Interstate Corp. Sys., Inc.*, 799 P.2d 30, 31 (Ariz. Ct. App. 1990) (indicating that the fee-shifting provision of the Federal Debt Collection Practices Act "provides statutory authority not only to award fees in the initial action but also in any action, such as this one, to enforce the judgment obtained in that initial action").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees and costs (Doc. 23) is **granted**. Plaintiff is awarded **$26,855.69** in attorneys' fees and costs against Synergy Payment Solutions Inc., Atrium Bancard Solutions Inc., Mainstream Payment Systems LLC, Sean Mecham and Leah Mecham, Jeanette Wolven and John Doe Wolven**,** and Luis Romero and Holly Romero (collectively, "Defendants"), jointly and severally.

Dated this 12th day of November, 2024.

Dominic W. Lanza
United States District Judge